UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN - 4 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

KEVIN L. TUCKER,        )
                        )
      Plaintiff,   )
                        )
v.                      )   Civil Action No. 17-2706 (UNA)
                        )
CARL D. PARKER, *et al.*,  )
                        )
      Defendants.  )

## MEMORANDUM OPINION

The Ancient Egyptian Arabic Order Nobles Mystic Shrine of North and South America and its Jurisdiction, Inc. ("AEAONMS") is a fraternal society of Freemasons. The nonprofit organization has headquarters in Memphis, Tennessee, and is made up of Temples throughout the country. Compl. 2 (page numbers designated by CM/ECF). Plaintiff, a resident of the District of Columbia, is associated with AEAONMS's Mecca Temple No. 10, which is located in the District. He raises four claims against AEAONMS and its elected leadership, all arising from his "removal from the duties of his Office as Illustrious Potentate"—the top position within Mecca Temple No. 10. Compl. 2. Specifically, Plaintiff alleges that the defendants (1) violated his due process rights by removing him "against the established rules of the AEAONMS," *id.*; (2) violated a criminal witness-tampering statute, 18 U.S.C. § 1512; (3) defamed him; and (4) engaged in "Intimidation and Retaliation for bringing to the forefront Criminal Collusion and Financial Malfeasance," Compl. 7.

Along with his complaint, Plaintiff filed a motion seeking a temporary restraining order and a preliminary injunction. The Court will deny that motion. A temporary restraining order "without . . . notice to the adverse part[ies]" is permitted "only if . . . specific facts in an affidavit

or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the [plaintiff] before the adverse part[ies] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Court denies the motion for a temporary restraining order because plaintiff has not certified that he made "any efforts . . . to give notice [to the defendants] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

In addition, the Court must deny Plaintiff's motion for a preliminary injunction because he has not demonstrated "1) a substantial likelihood of success on the merits, 2) that [he] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *Katz v. Georgetown University*, 246 F.3d 685, 687 (D.C. Cir. 2001) (quoting *City-Fed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)). Most relevant here, the Court is doubtful that Plaintiff will succeed in obtaining injunctive relief on the merits: His due process claim will almost surely fail on the ground that AEAONMS is not a state actor. *See, e.g., Sims v. Dist. of Columbia*, 699 F. Supp. 2d 217, 224–25 (D.D.C. 2010). The criminal statute he invokes, 18 U.S.C. § 1512, does not appear to create a private right of action. *See Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 77–78 (D.C. Cir. 2017). The complaint does not indicate that Plaintiff is employed by AEAONMS, which suggests that he has no cause of action against it for retaliation. And to the extent that Plaintiff may have a viable defamation claim, he identifies no authority that allows for the injunctive relief he requests: to set aside the Imperial Potentate's removal decision or to halt AEAONMS's upcoming elections.

The Court will therefore grant Plaintiff leave to proceed *in forma pauperis* but will deny his Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. A separate Order accompanies this Memorandum Opinion.

DATE: January 4, 2018

United States District Judge